IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JULIAN ENRIQUE HERNANDEZ     :     CIVIL ACTION
                                      :
        v.                           :
                                        :
JOHN K. MURRAY, et al.            :      No. 10-7333

**<u>MEMORANDUM</u>**

J. WILLIAM DITTER, JR., J.                            October 18, 2012

       Before the court is a <u>pro se</u> petition for writ of habeas corpus filed pursuant to 28

U.S.C. § 2254 by Julian Enrique Hernandez and a motion for a stay and abeyance of that

habeas petition.  Hernandez is currently incarcerated in the State Correctional Institution

in Camp Hill, Pennsylvania.  For the reasons that follow, the motion to stay and abey is

denied.  Furthermore, I shall permit Hernandez thirty additional days to respond to me

with an answer as to whether he wishes to proceed with his habeas petition at this time or

after he has completed litigating his claims in state court.

I.      **<u>FACTS AND PROCEDURAL HISTORY</u>:**

       In 2008, Hernandez was found guilty of rape, involuntary deviate sexual

intercourse, sexual assault, endangering the welfare of a child, corruption of minors, and

indecent assault.  Hernandez was subsequently determined to be a Sexually Violent

Predator ("SVP") under Megan's Law, 42 Pa.C.S.A. §§ 9791-9799.9, and sentenced to a

term of 7 ½ to 20 years of imprisonment followed by 12 years of probation.

       Hernandez filed a direct appeal arguing that:

(1) the trial court erred in permitting 3 witnesses to testify regarding out-of-court statements made to them by the victim;

(2) the trial court erred in admitting the victim's out-of-court statements because they were inadmissible under the Tender Years Exception to the hearsay rule;

(3) the verdict was against the weight of the evidence; and

(4) the trial court erred in denying Hernandez's motion for a mistrial after the trial court granted a defense motion to strike the testimony of a Commonwealth witness and instructed to the jury to disregard that testimony.

The Pennsylvania Superior Court affirmed the judgment of sentence on May 6, 2010. Hernandez did not file petition for allowance of appeal in the Pennsylvania Supreme Court.

On August 18, 2010, Hernandez filed a timely pro se petition in the state court under the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541, et seq., presenting one claim of ineffective assistance of counsel at trial and two claims of ineffective assistance of counsel related to his SVP hearing. See App. to Answer to Pet., at A139-148. Counsel appointed to represent Hernandez in his PCRA matter subsequently filed a letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), certifying that she had reviewed the entire record and concluded that there were no meritorious issues to advance before the PCRA court. On July 25, 2012, counsel was permitted to withdraw from representation. On October 2, 2012, the PCRA court dismissed Herrnandez's PCRA petition. Hernandez has 30 days to appeal that order to the

2

Pennsylvania Superior Court.

In the meantime, Hernandez filed a petition for a federal writ of habeas corpus on

November 19, 2010, asserting:

> (1) the trial court erred in permitting hearsay testimony from Commonwealth witnesses;

> (2) the verdict was against the weight of the evidence;

> (3) the trial court erred in failing to grant a mistrial after the jury heard testimony which the trial court later excluded;

> (4) ineffective assistance of trial counsel for failing to present defense witnesses who would have testified regarding the victim's dislike for Hernandez;

> (5) ineffective assistance of counsel during the SVP hearing for failure to present an expert witness; and

> (6) ineffective assistance of counsel during the SVP hearing when counsel failed to object to the Commonwealth's expert witness's failure to address all of the available material.

Respondents have filed an answer to Hernandez's habeas petition asserting that

Hernandez's petition must be dismissed because he presents both exhausted and

unexhausted claims.[1]  In both his habeas petition and his reply to Respondents' answer,

Hernandez has requested a "stay and abeyance" of his habeas petition pursuant to Rhines

v. Weber, 544 U.S. 269, 277 (2005).  See Pet'r Mem. of Law, at 2-8; Pet'r Resp. to

Reply, at 1-3.  Hernandez has also indicated that, if the court denies his motion for a stay

---

[1]Hernandez concedes that his last three claims are currently under review by the state court in PCRA proceedings and thus, unexhausted for purposes of habeas review.

3

and abeyance, he would like to delete his unexhausted claims and proceed with federal review of his exhausted claims.  See Pet'r Resp. to Reply, at 2.

## II.   <u>DISCUSSION</u>

Hernandez seeks a stay of his federal habeas petition pending disposition, or exhaustion, of the claims in his PCRA petition.  A federal court, absent unusual circumstances, should not entertain a petition for writ of habeas corpus unless the petitioner has first satisfied the exhaustion requirement of 28 U.S.C. § 2254.  <u>See</u> 28 U.S.C. § 2254(b).  Under § 2254(c), a petitioner will not be deemed to have exhausted available state remedies if he had the right under the law of the state to raise, by any available procedure, the question presented.  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999).  The habeas corpus petitioner has the burden of proving exhaustion of all available state remedies.  <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C.A. § 2254).  Overall, the exhaustion requirement advances the goals of comity and federalism while reducing "piecemeal litigation."  <u>Duncan v. Walker</u>, 533 U.S. 167, 180 (2001).

In the instant habeas petition, Hernandez has presented a "mixed petition" where a habeas petitioner proceeds in federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not.  <u>See Rose v. Lundy</u>, 455 U.S. 509, 522 (1982).  Hernandez's first three habeas claims, which include two claims of trial court error and one claim that the verdict was against the weight of the

evidence, were fully exhausted in the state court on direct appeal and are ripe for federal habeas review. See 28 U.S.C. § 2254(b)(1); see also Commonwealth v. Hernandez, No. 204 MDA 2009 (Pa. Super. May 6, 2010). However, Hernandez's three remaining claims of ineffective assistance of counsel are subject to state court review in his pending PCRA petition.

"When faced with a mixed petition, District Courts have four options available: dismiss the petition without prejudice; stay the petition pending the outcome of state proceedings under Rhines, allow the petitioner to delete all unexhausted claims and proceed on the remainder, or - if the unexhausted claims are meritless - deny them under 28 U.S.C. § 2254(b)(2)." McLaughlin v. Shannon, 454 Fed.Appx. 83, 2011 WL 6093408 (3d Cir. 2011) (citing Rhines, 544 U.S. at 277-78).

In Rhines, the Supreme Court approved a stay-and-abeyance procedure, under which a district court may stay a timely habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. 544 U.S. at 275. The Rhines Court established the stay-and-abey procedure in order to confront the interplay of "mixed" petitions for habeas corpus relief and the statute of limitations for the filing of federal habeas petitions. A stay-and-abeyance is available in limited circumstances when the following three-part test is met: (1) there is "good cause" for the petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are "potentially meritorious;" and (3) the petitioner has not engaged in abusive litigation

5

tactics or intentional delay.  Id. at 277-78.

Hernandez has not established good cause for failure to exhaust his claims in state court because he has ample time to pursue habeas relief after the state court rules on his PCRA petition.  Section 101 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, amended habeas corpus law by imposing a one (1) year limitation period to applications for writ of habeas corpus filed by persons in state custody.  28 U.S.C.A. § 2244(d)(1).  Section 2244, as amended, provides that the one (1) year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The amended statute also provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).

6

In the instant case, the applicable starting point for the statute of limitations is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). Hernandez's conviction became final on June 4, 2010, when the time expired for seeking an appeal in the Pennsylvania Supreme Court. See Gonzalez v. Thaler, - S.Ct - , 2012 WL 43513 (U.S. Jan. 10, 2012) (a judgment becomes "final" for purposes of § 2244(d)(1)(A) when the time for seeking direct review in the state court expires). Consequently, Hernandez would normally have had until June 4, 2011, to timely file his § 2254 petition.

However, on August 18, 2010 – 75 days into the federal statute of limitations – Hernandez filed a PCRA petition. Because this petition was filed in accordance with Pennsylvania's procedural requirements, it is considered a "properly filed application" for post-conviction relief, thereby tolling the one (1) year limitation period. See 28 U.S.C. § 2254(d)(2) (the time during which a "properly filed application" for state post-conviction review is pending shall not be counted toward the one (1) year period of limitation); Artuz v. Bennett, 531 U.S. 4 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" such as "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee"). A petition is considered "pending" within the meaning of § 2244(d)(2) during the time a state prisoner is pursuing his state

post-conviction remedies, including the time for seeking discretionary review of any court decisions whether or not such review was actually sought. See Swartz, 204 F.3d at 424. Hernandez's petition was dismissed by the PCRA court on October 2, 2012. An appeal to the Pennsylvania Superior Court is available to Hernandez and will be required for him to finally litigate his PCRA claims. At the time that his PCRA petition is no longer pending, the one (1) year grace period will begin to run and Hernandez will have approximately 290 days to file a timely § 2254 petition.[2] If Hernandez acts with reasonable diligence after his PCRA proceedings conclude, there is little danger that federal review of Hernandez's claims will be foreclosed due to lack of timeliness. Indeed, the United States Court of Appeals for the Third Circuit has determined that thirty days is a "reasonable interval" of time for a petitioner to file in federal court after the denial of PCRA relief. Crews v. Horn, 360 F.3d 146, 154 (3d Cir. 2004).

As a result, because I conclude that Hernandez has failed to show good cause for his failure to exhaust his claims under Rhines, his motion for a stay and abeyance of federal habeas petition is denied.

In the event that his motion for a stay and abeyance was denied, Hernandez also requested that I delete his unexhausted claims and proceed to address his exhausted claims. Before doing so, however, I want to ensure that Hernandez fully comprehends the

_____

[2]The ninety (90) day period during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the AEDPA limitations period. Lawrence v. Florida, 549 U.S. 327, 332 (2007).

8

consequences of taking such action.  The AEDPA was enacted with the goal of

streamlining federal habeas proceedings.  Rhines, 544 U.S. at 277.  Among other things,

the AEDPA restricts the ability of federal courts to award relief to state prisoners who file

second or successive habeas petitions.  See Burton v. Stewart, 549 U.S. 147, 152 (2007).

Before a second or successive habeas petition is filed in the district court, a petitioner

must file a motion in the Court of Appeals seeking an order authorizing the district court

to consider the petition.  See 28 U.S.C. § 2244(b)(3)(A).  The Court of Appeals "may

authorize the filing of the . . . successive application only if it presents a claim not

previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)."[3]

Burton, 549 U.S. at 153.

   As previously stated, Hernandez's first three claims presented in the instant habeas

petition were fully exhausted in the state court on direct appeal and are ripe for federal

habeas review.  See 28 U.S.C. § 2254(b)(1); see also Commonwealth v. Hernandez, No.

---

[3]The Court of Appeals may authorize the review of a claim presented in a second or successive habeas petition only if:

> (A) the [petitioner] shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

204 MDA 2009 (Pa. Super. May 6, 2010).  However, Hernandez has a pending PCRA

petition which presents his last three ineffective assistance of counsel claims for state

review.  On the one hand, if I were to rule on Hernandez's habeas petition as filed,

Petitioner's habeas petition would be dismissed without prejudice pending exhaustion of

his state court remedies.  Petitioner would be free to re-file an all-inclusive habeas

petition when his pending PCRA petition is resolved.  On the other hand, if I were to

delete Hernandez's unexhausted claims as he has requested, Hernandez will be barred

from presenting any of his pending PCRA claims in a second or successive federal habeas

petition unless he satisfies the narrow exceptions found under § 2244(b)(2).  In an

abundance of caution and in order to give Hernandez the full benefit of federal habeas

review, I will grant Hernandez additional time to advise the court if he wants his three

exhausted claims reviewed on the merits while deleting his three unexhausted claims, or

if he would like the instant petition dismissed without prejudice while he exhausts his

state court remedies.[4]

III.  **CONCLUSION**

      Hernandez has presented a "mixed" petition of exhausted and unexhausted claims.

Because he should have sufficient time to file a petition for writ of habeas corpus after the

state court rules on his PCRA petition, his motion for a stay and abeyance is denied.  I

---

[4]I note that dismissal of the instant petition without prejudice does not toll nor waive the federal statute of limitations.  See 28 U.S.C. § 2244(d)(1).  If Hernandez refiles a habeas petition and the court finds that the federal statute of limitations has run, his petition may be dismissed on those grounds.

will, however, grant Hernandez 30 days from the date of this order to tell me in writing if he wants his three exhausted claims reviewed on the merits and his three unexhausted claims deleted, or if he would like the instant petition dismissed without prejudice while he exhausts his state court remedies.  If Hernandez fails to respond within 30 days, I will dismiss the instant habeas petition without prejudice to allow Hernandez to exhaust all of his claims in state court.

An appropriate order follows.

11